UNITED STATES, Appellee,

v.

**Private First Class James R. BURNS,
SSN 239–90–4676, United States
Army, Appellant.**

CM 432861.

U. S. Army Court of Military Review.

12 Oct. 1977.

Captain Johnny D. Mixon, JAGC, argued the cause for the appellant. With him on the brief were Colonel Alton H. Harvey, JAGC, and Captain John C. Carr, JAGC.

Captain Laurence M. Huffman, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel Donald W. Hansen, JAGC, Major John T. Sherwood, Jr., JAGC, and Captain Gary F. Thorne, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

Appellant comes before this Court convicted of possessing marihuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. As the case was tried prior to 2 July 1976, there is no impediment to charging and punishing the appellant under the general article. *United States v. Jackson,* 3 M.J. 101 (C.M.A.1977).

I

■ One of the errors assigned by the appellant is that the convening authority and staff judge advocate were disqualified to act on the record because of a prior agreement with two of the witnesses to testify in this case and to grant clemency to one of them. The Government agrees this is error and argues that we must return the record for a new review and action by a different staff judge advocate and convening authority before we may review the other assigned errors. The Government maintains we are without jurisdiction to proceed further.

We agree that the staff judge advocate and convening authority are disqualified from acting in this case but we disagree with the Government that this Court is without authority to proceed. As we explained in *United States v. Sims,* 2 M.J. 499 S10437 (A.C.M.R.1976), we are not dealing with a void review and action in this type case and we may proceed with the review in accordance with Article 66, UCMJ. *See United States v. Ward,* 23 U.S. C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975). The impracticality of the Government's contention is highlighted by our discussion and disposition of the case on another basis. To require a new review and action, knowing that the findings and sentence will be set aside, needlessly delays final disposition of the case and imposes an unnecessary burden on the military justice system.

II

■ Appellant also assigns as error the insufficiency of the evidence to establish

that he possessed the marihuana in question. His conviction was based upon the constructive possession of marihuana which was found in the locker of a fellow serviceman, Specialist Davis. Appellant had no connection with the locker and didn't even live in the same barracks as Davis. Davis was holding the marihuana while appellant was making up his mind whether to accept it as payment for a car he had sold to another serviceman. That serviceman, who was a mutual friend of appellant and Davis, had offered the marihuana as payment. Appellant never had physical possession of the marihuana and never agreed to accept it in payment for the debt. Although appellant told Davis to keep the marihuana while he made up his mind, we do not find this to be an exercise of dominion and control over the drug. We are not convinced beyond a reasonable doubt that constructive possession was established.

### III

Our disposition of this case on the issue of sufficiency of the evidence renders discussion of another assigned error academic, namely, the legality of a search using a marihuana detection dog. Resolution of that issue from the separate opinions in *United States v. Roberts*, 24 U.S.C.M.A. 39, 54 C.M.R. 39, 2 M.J. 31 (1976), and *United States v. Thomas*, 24 U.S.C.M.A. 228, 51 C.M.R. 607, 1 M.J. 397 (1976), must await another day.

The findings and sentence are set aside. The charge is dismissed.

Judge FELDER concurs.

Judge FULTON not participating.